UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Choise, Plaintiff(s), v. Swift et al., Defendant(s). | 26-CV-4575 (DEH) ORDER |

DALE E. HO, United States District Judge:

On May 29, 2026, Plaintiff Andrei Choise ("Choise"), proceeding *pro se*, initiated this action alleging a 15-year conspiracy between Defendants Taylor Swift, Lady Gaga, Dua Lipa, Katy Perry, Stevie Nicks, CBC, Disney-fox/the simpsons, and Disney/pixar-inside out (collectively "Defendants") in which Defendants accessed Plaintiff's personal letters to an unnamed individual and used phrases of those letters as lyrics to target Plaintiff for harassment, stalking, abusing the legal process, and kidnapping.[1] Plaintiff alleges a number of other harms, too numerous to recount here, that sound in similar fantasy. Having reviewed the Complaint, this matter is **DISMISSED WITH PREJUDICE** as frivolous.[2]

A district court may dismiss a complaint, even when the plaintiff has paid the filing fee, if it is determined that the action is frivolous.[3] A claim is frivolous when it "lacks an arguable basis either in law or in fact."[4] "[A] finding of factual frivolousness is appropriate when the facts alleged

---

[1] Compl., at 2-3, ECF No. 1.

[2] An additional ground for dismissal is Plaintiff's failure to serve Defendants within 90 days of filing the complaint, as required by Fed. R. Civ. P. 4(m).

[3] *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam).

[4] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[5] Courts have also used terms such as "fanciful," "fantastic," "delusional," or "clearly baseless" to describe these categories of facts.[6]

Here, the Court concludes that Plaintiff's complaint should be dismissed because the allegations within are wholly incredible.[7] Indeed, the complaint is nearly impossible to decipher. As just one example, Plaintiff alleges that the lyrics of Defendant Swift's song "Down Bad" relate directly to pornographic images shared between Plaintiff and an unnamed third party, while simultaneously alleging that the conspiracy between Defendants resulted in the denial of his right to participate in the Ontario provincial election of winter 2025. These allegations are irrational, clearly baseless, and the Court cannot credit them.

In general, *pro se* plaintiffs are afforded an opportunity to amend a complaint to cure its defects, unless amendment would be futile.[8] Because Plaintiff's claims are wholly incredible and fanciful, the Court finds that amendment would be futile.[9]

Accordingly, the case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is respectfully requested to terminate ECF No. 3 and to close this case.

SO ORDERED.

Dated: October 2, 2026
New York, New York

DALE E. HO
United States District Judge

[5] *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[6] *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 328).

[7] *Id.* at 33.

[8] *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42–43 (2d Cir. 1988).

[9] *See, e.g.*, *Thomas v. Carter*, 581 F. Supp. 3d 651, 656 (S.D.N.Y. 2022).