UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREI CHIOSE,

Plaintiff,

v.

TAYLOR SWIFT, et al.,

Defendants.

26-CV-4575 (DEH)

ORDER

DALE E. HO, United States District Judge:

The plaintiff in this case proceeds *pro se*. On October 2, 2026, the Court entered an order dismissing the case with prejudice as frivolous.[1] The deadline for Plaintiff to file a Notice of Appeal from the Dismissal Order was thirty days later, or November 1, 2026.[2] On October 20, 2026, the Clerk of Court entered a receipt showing that the Dismissal Order was mailed to Plaintiff at an address in Canada.[3] On November 4, 2026, Plaintiff filed a Notice of Appeal[4] and a motion for extension of time to file the Notice of Appeal.[5] Because the Notice of Appeal was late-filed, the Court must consider whether an extension is appropriate under Federal Rule of Appellate Procedure 4(a)(5).

[1] Dismissal Order, ECF No. 4.

[2] Fed. R. App. P. 4(a)(1)(A). In his extension motion, Plaintiff states that "if this case is considered to fit the requirement of an action against united states or its officer/agency, due to inclusion of trump in accused list, then 60 days is the time limit" to appeal, ECF No. 6, in an apparent reference to Federal Rule of Appellate Procedure 4(a)(1)(B). Even construing the Complaint liberally, as *pro se* plaintiffs are afforded, *see Smith v. City of N.Y.*, No. 26 Civ. 4902, 2026 WL 2936607, at *1 (S.D.N.Y. Sept. 30, 2026), the Court does not interpret the Complaint as stating any claims against the United States or any federal officer or agency. *See* Dismissal Order at 1. Therefore, the 60-day time limit does not apply.

[3] *See* Docket, Entry Dated October 20, 2026.

[4] ECF No. 5.

[5] ECF No. 6.

A district court "'may extend the time to file a notice of appeal' if the party seeking an extension 'shows excusable neglect or good cause.'"[6] The good cause standard "'applies in situations where there is no fault—excusable or otherwise,' such as when 'the Postal Service fails to deliver a notice to appeal.'"[7] Where the delay is "at least partially attributable to the movant's own interference," the proper standard is "excusable neglect."[8] The movant has the burden of showing excusable neglect, and courts must consider (1) "the danger of prejudice" to the other party, (2) the "length of the delay," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith."[9]

Plaintiff's November 4, 2026, extension motion states that he only "received the lettermail notice yesterday," which would have been November 3, 2026.[10] The docket reflects that although the Dismissal Order was entered on October 2, 2026, it was not mailed to Plaintiff until October 20, 2026.[11] The Court takes notice that international mail may take over well a week to arrive at its destination.[12] Accordingly, Plaintiff's claim that he did not receive the Dismissal Order and appeal package until November 3, 2026, is plausibly no fault of his own. Plaintiff then docketed

---

[6] *Alexander v. Saul*, 5 F.4th 139, 147 (2d Cir. 2021) (quoting Fed. R. App. P. 4(a)(5)).

[7] *Id.* (quoting Fed. R. App. P. 4(a)(5) Advisory Committee's Notes to the 2002 Amendments).

[8] *Id.*

[9] *See id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[10] ECF No. 6.

[11] *See* Docket.

[12] *See* USPS, *International Mail & Shipping Services*, https://www.usps.com/international/mail-shipping-services.htm (stating that Priority Mail International ships in "6-10 Business Days," meaning First Class Mail International likely takes longer).

the Notice of Appeal the next day.[13] Plaintiff has therefore established good cause for the late filing.

Even if good cause was not shown, Plaintiff has demonstrated excusable neglect. There is little danger of prejudice—Defendants have not even been served with a summons. The extension motion was filed only three days after the 30-day deadline to file a Notice of Appeal passed. Plaintiff's explanation that he only received the Dismissal Order by mail on November 3, 2026, is reasonable. And Plaintiff's move to file the Notice of Appeal and extension motion one day later demonstrates good faith.

Accordingly, Plaintiff's motion for an extension of time to appeal is **GRANTED.** The Court treats the Notice of Appeal, ECF No. 5, as timely filed. The Clerk of Court is respectfully directed to close ECF No. 6.

SO ORDERED.

Dated: November 9, 2026
New York, New York

DALE E. HO
United States District Judge

[13] Although it appears that Plaintiff had access to ECF to electronically file the Notice of Appeal and extension motion, he did not consent to electronic service via ECF, so the Court will not weigh the fact that the Dismissal Order was docketed on ECF on October 2, 2026, against him.